**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Mercado Valdez, | No. CV-14-01419-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Benjamin Valdez was indicted on seven counts of theft for stealing a vehicle and stripping it of its equipment. In July 2009, Valdez was offered a deal to plead guilty in exchange for a 10-year prison sentence. The deal was later reduced to a sentence of 7-8 years. At a settlement conference in September 2009, the trial court discussed the proposed agreement with Valdez and communicated to him that he faced a potential sentence of 175 years. Valdez stated that 7-8 years was still a "very long sentence" and asked the prosecutor to "lower it a little bit more." After the prosecutor refused, Valdez rejected the offer and indicated that he preferred to go to trial.

At a trial management conference on September 24, the prosecutor again offered the deal to Valdez. Valdez signed the plea deal, but later refused to enter into the agreement in open court because he wanted a better offer. The prosecution gave Valdez until the end of the day to accept the offer should he change his mind, but Valdez ultimately chose not to accept the deal.

On October 1, Valdez pled guilty to all seven counts. The trial court informed Valdez that no plea offer was on the table and that he would receive a sentence on all seven counts. Valdez confirmed his understanding of this to the court, waived his right to trial, and pled guilty to seven counts of theft. He received seven concurrent 15-year sentences.

On December 9, Valdez filed petition for post-conviction relief arguing that defense counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). The trial court held an evidentiary hearing in which Valdez, defense counsel, and the prosecutor testified. After considering the evidence, the trial court denied the petition. The Arizona Court of Appeals affirmed. Valdez then filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 alleging a violation of his Sixth Amendment rights. Magistrate Judge Michelle Burns issued an R&R recommending the Court deny Valdez's petition. Valdez filed objections to the R&R. The State did not respond.

**I.     Legal Standard.**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; Fed. R. Civ. P. 72(b)(3); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**II.    Analysis.**

Valdez's objections reiterate the same arguments he raised in his § 2254 petition. He asserts counsel's performance was deficient because he failed to conduct a "risk-benefit analysis" of the plea deals, setting out the specific statutes, affidavits, defenses, and an assessment of the strength of the prosecution's case. He asserts counsel's "emotional ploy" to get him to accept the deal denied him the ability to make an informed legal decision about the benefits of accepting the deal.[1]

---

[1] To the extent Valdez generally objects to the R&R, the Court declines to review those arguments. *See Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013).

In the R&R, Judge Burns found the state courts did not apply *Strickland* to the facts of Valdez's case in an objectively unreasonable manner. Doc. 11 at 10. As both the trial and appellate courts noted, defense counsel did discuss the terms of the plea agreement with Valdez. Doc. 8-2 at 111-13. The trial court found Valdez's testimony that defense counsel "abandoned him after he signed it" incredible in light of the testimony from defense counsel and the prosecutor and the court's own observations. *Id.* at 142. Valdez also failed to establish *Strickland* prejudice because he rejected the agreement several times after being fully informed (by both defense counsel and the trial court) of the potential consequences. Doc. 11 at 9. Judge Burns found Valdez's "unsupported and self-serving declaration stating that he wanted to have the proposed agreement accepted by the trial court on the record [was] directly contradicted" by the evidence. *Id.*

The Court agrees that Valdez has failed to show a deficient performance and prejudice under *Strickland*. As Judge Burns noted, the record clearly indicates that counsel reviewed the plea deal with Valdez and urged him to accept it. Valdez refused repeatedly to accept the favorable plea agreement despite encouragement from his counsel. Valdez does not dispute that counsel advised him to accept the deal. Valdez's argument appears to be that counsel should have done a better job of presenting the plea deal to him, but the precise manner in which counsel presents a plea offer is not prescribed by *Strickland*. "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). There is no requirement that counsel present a risk-benefit analysis as Valdez claims. Counsel need only communicate the terms of the offer, advise the client on whether to accept, and identify the date on which it will expire in order to satisfy *Strickland*. *See id.* Defense counsel took these steps, and the Court finds no *Strickland* violation.

**IT IS ORDERED:**

1. Magistrate Judge Michelle Burns' R&R (Doc. 11) is **accepted**.

2.  Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.
3.  A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).
4.  The Clerk shall **terminate** this action.

Dated this 31st day of July, 2015.

_____
David G. Campbell
United States District Judge